IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CR3034 |
| | ) | |
| v. | ) | |
| | ) | FINDINGS, RECOMMENDATION, |
| STEVEN MILES SULLIVAN, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

The defendant has filed a motion to suppress (filing no. 27), and a motion to dismiss., (filing no. 25). The evidentiary hearing on the motion to suppress was held on August 9, 2011. At the close of the suppression hearing, the undersigned magistrate judge stated her findings of fact and recommendation for denial of the motion to suppress on the record. The transcript of that hearing has been filed. See filing no. 37.

This written opinion addresses the defendant's motion to dismiss. The indictment charges the defendant with violating 21 U.S.C. §§ 813 and 841 (a)(I)(C) as follows:

> On or about October 27, 20 I 0, in the District of Nebraska, STEVEN MILES SULLIVAN, the Defendant herein, did knowingly and intentionally possess with intent to distribute 3,4-methylenedioxymethcathinone and 4-methylmethcathinone, both controlled substance analogues, as defined in Title 21, United States Code, Section 302(32)(A), to methcathinone, a Schedule I controlled substance.

Filing No. 1. Based on the evidence at the suppression hearing, the defendant allegedly possessed with intent to distribute bath salts, (along with small baggies and "product not for human consumption" labels), containing 3,4-methylenedioxymethcathinone and 4-methylmethcathinone.

The defendant has moved to dismiss, claiming 3,4-methylenedioxymethcathinone and 4-methylmethcathinone are not controlled substance analogues as defined under the Controlled Substance Analogue Enforcement Act (the "Analogue Act").  Filing No. 26. Specifically, the defendant claims this case must be dismissed because the substances allegedly possessed by the defendant: 1) do not have a substantially similar chemical structure to methcathinone, a Schedule I controlled substance; 2) do not have, and were not represented by the defendant to have, a substantially similar or greater effect on the user's central nervous system than the stimulant, depressant, or hallucinogenic effect of a controlled substance; and 3) were products "not for human consumption," as defined by the exemption set forth in 21 U.S.C. § 802(32)(C).  At the oral argument on defendant's motion to suppress, defense counsel explained that as applied to the circumstances of this case, the Analogue Act provided inadequate notice that defendant's alleged conduct was illegal.

An indictment is sufficient if it includes the elements of the offense, provides adequate notice as to the charge, and enables the defendant to plead double jeopardy as a bar to further prosecution.  Hamling v. United States, 418 U.S. 87 (1974); U.S. v. Buchanan, 574 F.3d 554, 565 (8th Cir. 2009).  "An indictment is generally sufficient if it sets forth the words of the statute itself, as long as those words fairly inform the defendant of the elements necessary to constitute the offense charged."  U.S. v. Powell, 701 F.2d 70, 73 (8th Cir. 1983).

Pursuant to 21 U.S.C. § 813, "[a] controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule I."   Mirroring the language of the "Analogue Act," the indictment alleges Sullivan knowingly and intentionally possessed with intent to distribute controlled substance analogues.

The Analogue Act defines a controlled substance analogue as a substance:

> (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;
>
> (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the . . . effect on the central nervous system of a controlled substance in schedule I or II; or
>
> (iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the . . . effect on the central nervous system of a controlled substance in schedule I or II.

21 U.S.C. § 802(32)(C). Of these requirements, the government must prove (i), and must further prove either (ii) or (iii). U.S. v. Washam, 312 F.3d 926, 930 n. 2 (8th Cir. 2002). However, under the Analogue Act, controlled substances and substances for which there is an approved new drug application are not analogues, and substances are not illegal analogues if they are used by a person pursuant to and in accordance with an investigational use exemption, or are "not intended for human consumption before . . . an exemption takes effect with respect to that substance." 21 U.S.C. § 802(32)(C)(iv). Read in context, under 21 U.S.C. 802(32)(C)(iii) and (iv), a drug is a controlled substance analogue "only if it is intended for human consumption in the absence of a government permit authorizing such consumption." U.S. v. Desurra, 868 F.2d 716, 717 (5th Cir. 1989).

The indictment against Sullivan alleges 3,4-methylenedioxymethcathinone and 4-methylmethcathinone are controlled substance analogues. Whether the chemical structures of these substances are "substantially similar to the chemical structure" of a schedule I or II controlled substance is an issue of fact to be resolved at trial. Similarly, a jury must decide whether 3,4-methylenedioxymethcathinone and 4-methylmethcathinone have, or were

represented by the defendant to have, a stimulant, depressant, or hallucinogenic effect on the central nervous system substantially similar to or greater than a schedule I or II controlled substance. Finally, based on the evidence at trial, the jury must decide if Sullivan intended to sell bath salts as drugs for human consumption absent a government permit authorizing such consumption. See, e.g., Washam, 312 F.3d at 930 (affirming a conviction under the Analogue Act where the evidence supported a finding that defendant "knew his conduct was illegal because even though the shipping label said not to ingest, [defendant] told the buyers how much to ingest it, charged an exorbitant mark-up price on the chemical, and commented about other chemicals that were legal for human consumption"). These factual issues cannot be resolved on a motion to dismiss.

A person of ordinary intelligence would have reasonably known that selling bath salts containing 3,4-methylenedioxymethcathinone and 4-methylmethcathinone for human consumption was illegal. Washam, 312 F.3d at 930. The Analogue Act provides adequate notice of the proscribed conduct, and does not lend itself to arbitrary enforcement. U.S. v. Berger, 553 F.3d 1107, 1110 (8th Cir. 2009). Accordingly, there is no merit to defendant's claim that dismissal is warranted because he did not, and could not have reasonably known, it was illegal to possess 3,4-methylenedioxymethcathinone and 4-methylmethcathinone with the intent to sell it for human consumption.

The indictment alleges the elements of an Analogue Act violation. The claims for dismissal raised by the defendant present issues of fact. The defendant's motion to dismiss should be denied.

Accordingly,

IT IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b), that:

1) For the reasons and based on the factual findings stated on the record at the close of the suppression hearing, (see filing no. 37, pp. 62-67), the defendant's motion to suppress, (filing no. 27), be denied in its entirety.

2) For the reasons set forth in the findings and recommendation above, the defendant's motion to dismiss, (filing no. 25), be denied in its entirety.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED: Trial of this case is set to commence before the Honorable Richard G. Kopf at 9:00 a.m. on September 19, 2011 or as soon thereafter as the case may be called, for a duration of three (3) trial days, in Courtroom 1, United States Courthouse, Lincoln, Nebraska. Jury selection will be held at commencement of trial.

DATED this 17th day of August, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.