IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CR3034 |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN MILES SULLIVAN, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

    Steven Miles Sullivan (Sullivan) has filed a Motion to Vacate under 28 U.S.C. § 2255.  After initial review,[1] I deny portions of the motion and dismiss those portions with prejudice.  I will withhold judgment.  However, the claims that allege ineffective assistance of counsel survive initial review.

    For the ineffective assistance of counsel claims, I will appoint counsel, require the government to answer, and refer this matter to Magistrate Judge Zwart for further proceedings including findings and recommendations.

---

    [1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## *I. BACKGROUND*

After police seized powder containing 4–methylmethcathinone (mephedrone) from a vehicle he was driving during a traffic stop, the government charged Sullivan with possession with intent to distribute a controlled substance analogue.

The case against Sullivan at trial appeared to be strong, despite his claims to the contrary. In a car owned by someone else that Sullivan was driving, alone and without a driver's license, he had just under a pound of a controlled substance analogue called mephedrone, small plastic bags and almost $6,000 in cash folded over and rubber banded in bundles as opposed to being placed in a bank bag. There is no doubt that Sullivan actually possessed the controlled substance analogue as it is undisputed that he told the officer that he had "bath salts" in the vehicle.

Although Sullivan elected not to testify or call witnesses, he put the matter before a jury, and a jury found him guilty. He appealed claiming that (1) the evidence was insufficient to prove that he knew the powder was a controlled substance analogue and (2) the evidence was insufficient to prove he intended the powder for human consumption. The Court of Appeals rejected these arguments and affirmed. *United States v. Sullivan*, 714 F.3d 1104 (8th Cir. 2013).

Sullivan did not seek review before the Supreme Court. He filed his Motion to Vacate (filing no. 113) on May 5, 2014. Sullivan's motion is timely.

In a brief (filing no. 114), rather than in his motion, Sullivan raises 16 grounds for relief. They are:

### INDEX OF GROUNDS

**Ground 1:** Sullivan Did Not Know the Bath Powder He Possessed Contained a Controlled Substance Analogue

**Ground 2:** Sullivan Did Not Know the Bath Powder Met the Definition of a Controlled Substance Analogue as Defined in Title 21 § 802 (32)(A)

**Ground 3:** The Analogue Act is Unconstitutionally Vague as Applied to the Bath Powders in this Case. The Statute Does Not Clearly Proscribe Sullivan's Conduct

**Ground 4:** Ineffective Assistance; Failure to Move for Suppression of Statement Given in Violation of Miranda

**Ground 5:** Sullivan Did Not Intend the Bath Powder for Human Consumption

**Ground 6:** Prosecutorial Misconduct. In Closing Argument the Prosecution Improperly Shifted the Burden of Proof and Misrepresented the Evidence

**Ground** 7: Ineffective Assistance of Trial Counsel for Not Objecting to Prosecutorial Misconduct

**Ground 8:** Ineffective Assistance: Failure to Impeach the Government's Key Witness with Prior Inconsistent Testimony

**Ground 9:** Ineffective Assistance: Failure to Point Out Key Contradictions to the Court of Appeals

**Ground 10:** The Government Failed in Its Burden to Prove that Mephedrone had a Substantially Similar Effect as Methcathinone

**Ground 11:** Judicial Abuse of Discretion in Allowing the Testimony of Cassandra Prioleau to Reach the Jury

**Ground 12:** Ineffective Assistance of Trial Counsel for Failing to Move for a Daubert Hearing to Exclude the Testimony of Government Expert Cassandra Prioleau

**Ground 13:** Prosecutorial Misconduct: The Government Withheld Exculpatory Evidence in Violation of the Fifth Amendment Guarantee to Due Process via Brady

**Ground 14:** Conviction Violates Ex Post Facto Principle

**Ground 15:** Initial Traffic Stop was Illegal. Officer James Parsons Fabricated Probable Cause. Evidence was Obtained as "Fruit of the Poisonous Tree"

**Ground 16:** Ineffective Assistance of Counsel: Failure to Challenge and Initiate an Investigation into James Parsons' Fabrication of Probable Cause. Significant Suppression and Dismissal Issues were Ignored and Disregarded by Counsel

(Filing no. 114 at CM/ECF pp. 47-48.)

## II. ANALYSIS

Except for the ineffective assistance of counsel claims, all of Sullivan's other claims (1) were raised on appeal, rejected by the Court of Appeals and as a result cannot be litigated again here, *see*, *e.g.*, Davis v. United States, 673 F.3d 849, 852 (8th Cir.2012)("claims that were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.") (internal citation omitted); or (2) could have been raised on direct appeal, but were not, and as a consequence are barred from consideration in this action as I explicitly find and conclude that Sullivan is not actually innocent[2] and he has failed to show cause for the procedural default. *See*, *e.g.*, Meeks v. United States, 742 F.3d 841, 844 (8th Cir. 2014) ("A § 2255 petition is not a second direct appeal and issues raised for the first time in a § 2255 petition are procedurally defaulted.").

I therefore dismiss with prejudice claims 1, 2, 3, 5, 6, 10, 11, 13, 14, and 15. I next turn to the ineffective assistance of counsel claims.

### A. Ineffective Assistance of Counsel Claims

The ineffective assistance of counsel claims are 4, 7, 8, 9, 12, and 16. Sullivan was represented at trial by Mr. Glenn A. Shapiro of Omaha, Nebraska. Shapiro was retained. Mr. Daniel Lynn Viets from Columbia, Missouri, represented Sullivan on appeal. Viets appears to have been retained as well.

---

[2]"This standard is strict; a party generally cannot demonstrate actual innocence where there is sufficient evidence to support a conviction." Wadlington v. United States, 428 F.3d 779, 784 (8th Cir. 2005).

## *B. Standard*

The *Strickland* standard must be applied to Sullivan's ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (announcing principles for evaluation of claims of ineffective assistance of counsel under the Sixth Amendment). In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel under *Strickland*, the claimant must establish two things. He or she must establish (1) that "'counsel's representation fell below an objective standard of reasonableness,'"[3] and (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[4] *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland*, 466 U.S. at 688, 694).

An evidentiary hearing is unnecessary if the claimant makes an insufficient preliminary showing on either or both prongs or the record clearly contradicts the claimant's showing on either or both prongs. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective-assistance-of-counsel claim; stating that no evidentiary hearing is

---

[3] A judge's "scrutiny of counsel's performance must be highly deferential" and the judge must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Reed v. United States*, 106 F.3d 231, 236 (8th Cir. 1997). In other words, a judge should make "every effort" to "eliminate the distorting effects of hindsight" by examining the lawyer's performance from "counsel's perspective at the time" of the alleged error. *Strickland*, 466 U.S. at 689.

[4] A "reasonable probability" is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but it is more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005). It must be compelling enough to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact").

### C. Claims Eight and Nine

While all of the ineffective assistance of counsel claims will require more scrutiny by Judge Zwart, two of them are especially troubling. I therefore highlight those two claims while stressing again that all ineffective assistance of counsel claims will require further scrutiny.

Sullivan defended the case partially on the claim that he did not know that he was in possession of a controlled substance analogue and partially because he did not intend the powder for human consumption. However, as stressed by the Court of Appeals, Sullivan allegedly made an admission about the illegality of the substance and the Court of Appeals found this highly significant:

> A reasonable juror could find Sullivan knew he was in possession of a controlled substance analogue. When Parsons asked Sullivan whether the vehicle contained anything illegal, Sullivan told him the vehicle contained bath powder. Trial Tr. 183. . . . *Accordingly, Sullivan indicating the bath powder was illegal supports a reasonable inference he knew the powder contained a controlled substance analogue.*
>
> . . . .
>
> *Sullivan indicating to Parsons the bath powder was illegal also supports a reasonable inference he intended the powder for human consumption.*

United States v. Sullivan, 714 F.3d at 1107-1108 (italics supplied by Kopf).

6

What the Court of Appeals did not know, and what the jury did not know, is that Parsons gave radically inconsistent testimony when he testified at a suppression hearing before Judge Zwart. In particular, Parsons *did not* say that Sullivan knew that bath powder was illegal. Here is pertinent testimony from the suppression hearing:

> Q. Did you tell Mr. -- At any point up to this point, did you express to Mr. Sullivan what your dog had -- what you were doing?
>
> A. Yes. Once I had the trooper -- Trooper Reed arrived, which was probably within 30 seconds of Kane indicating, I went back to the patrol car, and *I asked Mr. Sullivan if he had anything illegal in the patrol car -- or in his car.*
>
> Q. Okay.
>
> A. And he said, "*No, I just have K2 and some bath powder.*"

(Filing no. 37 at CM/ECF p. 30.) (Italics supplied by Kopf.)

In claim eight, Sullivan argues that Shapiro should have impeached Parsons based upon the prior inconsistent sworn testimony Parsons gave at the suppression hearing.[5] Sullivan may well have a point.

The question of whether Sullivan knew that "bath salts" were illegal is closely related, as the Court of Appeals emphasized, to whether Sullivan knew he was in possession of a controlled substance analogue rather than mere bath powder and whether he intended the analogue for human consumption, elements of the offense. Thus, the failure to impeach Parsons on this seemingly pivotal question would, at this point, seem to go far toward establishing both prongs of *Strickland*. *See, e.g.*,

---

[5]In reading the cross-examination of Parsons at trial, it appears that Sullivan is correct. It does not appear that Shapiro impeached Parsons on the inconsistent testimony.

7

*Steinkuehler v. Meschner*, 176 F.3d 441, 444-446 (8th Cir. 1999) (defendant was prejudiced by trial counsel's deficient performance in failing to cross-examine sheriff as to evidence that sheriff pressured jailer supervisor to "forget" defendant's condition following shooting and sheriff's purported practice of "forgetting" facts favoring defendants, inasmuch as defendant faced first-degree murder conviction unless he could convince jury that he was intoxicated when he shot victim and destroying sheriff's credibility would have placed into question the veracity of only witness who testified that defendant was not intoxicated.).

But, whether Shapiro had a tactical reason for not impeaching Parsons is unknown and whether the impeachment would have made a difference in the outcome is not entirely clear. Thus, these and other issues will need to be addressed by Judge Zwart.

In claim nine, Sullivan attacks his appellate lawyer for failing to raise this impeachment point on direct appeal. Sullivan has presented as a part of his section 2255 motion a letter to appellate counsel (filing no. 114 at CM/ECF pp. 87-88) clearly apprising appellate counsel of this question and the importance of the inconsistency, although the notice may have been given after the reply brief was filed. Since the fact of the inconsistency was in a developed record (the transcript of trial and the transcript of the suppression hearing) at the time of the appeal, since Sullivan brought the matter to appellate counsel's attention (although apparently after the reply brief was filed) and since the Court of Appeals found that Sullivan's alleged admission to be very important, presumably not knowing that Parsons gave far different testimony at the suppression hearing, claim nine requires further scrutiny.

IT IS ORDERED that:

    1.     The Motion to Vacate under 28 U.S.C. § 2255 (filing no. 113) is denied and dismissed with prejudice with regard to claims 1, 2, 3, 5, 6, 10, 11, 13, 14, and 15. No certificate of

  appealability will be issued by the undersigned for those claims. However, judgment is withheld pending resolution of the remaining claims.

2. Regarding all claims of ineffective assistance of counsel (claims 4, 7, 8, 9, 12, and 16), the government shall file an answer and supporting brief no later than by the close of business on Wednesday, September 3, 2014.

3. This matter is referred to Magistrate Judge Zwart for further proceedings including the issuance of findings and recommendations.

4. The Federal Public Defender for the District of Nebraska is appointed to represent Mr. Sullivan.

5. Mr. Sullivan's Motion for Discovery (filing no. 115) is denied without prejudice.

6. The Clerk shall provide copies of this Memorandum and Order to the Federal Public Defender and to Judge Zwart. The Clerk shall give notice of the filing of this Memorandum and Order to the United States.

August 1, 2014.    BY THE COURT:
             *Richard G. Kopf*
             Senior United States District Judge

---

 *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.